WILLIAM H. CROMMELIN, Respondent, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Appellants.

REPLEVIN.  COMMON CARRIER.  LIEN.  CONTRACT.  REMEDY.

A common carrier has no lien upon goods for damages arising from the neglect of the consignee to take them away within a reasonable time after notice to him of their arrival.

The inconvenience or expense thus occasioned, constitutes a claim in the nature of demurrage. There is a breach of contract simply, for which the party must seek his redress in the ordinary manner; he cannot enforce it by a detention of the goods.

THIS was an action of replevin to recover the possession of a quantity of marble. The jury found for the defendants. The plaintiff appealed to the General Term of the Superior Court of the city of New York, where a new trial was ordered. From this order the defendants appeal, and stipulate that if the said order be affirmed by this court, judgment absolute shall be rendered against the said appellants.

The defendants had transported upon their railroad certain marble belonging to the plaintiff and to be delivered to him in New York. The marble arrived in New York on the 11th of October, 1860. The defendants proved that previously to this time, they had given notice to the plaintiff that his freights must be removed within forty-eight hours after their arrival, or that one dollar a day for each car detained, would be charged for such detention. They further proved that this was the general custom of the company. They also proved that on the 12th day of October, 1860, they sent the following notice to the plaintiff: "The following property has arrived at this station consigned to you, which you are notified to take away without delay, as this company will assume no responsibility in regard to property after its arrival here. John Barker, agent, Forty-second street depot. Three cars marble. I am instructed to say one dollar a day will be charged for the use of each car after the marble has remained at the depot forty-eight hours." The cars remained upon the track in the Fourth avenue with

the marble upon them, until the 18th of October, when the plaintiff paid the freight and demanded the marble. The defendants refused the delivery unless the plaintiff would pay the charge of one dollar per day for each car detained longer than forty-eight hours, which the plaintiff refused to do. The defendants' road occupied a portion of the Fourth avenue, a public highway of the city of New York, and during the period from the 11th to the 18th of October, the open cars containing the marble in question, stood upon the rails which were laid upon said avenue, at or near Forty-second street.

*C. W. Sandford*, for the appellant.

*S. Hand*, for the respondent.

HUNT, Ch. J.   It is to be assumed from the evidence and from the finding of the jury, that the plaintiff had received notice on the 12th of October, 1860, of the arrival of his marble. It is to be further assumed, although the evidence was contradictory on that point, that the plaintiff had been informed by the agent of the defendants, that a charge would be made for the detention of the cars longer than forty-eight hours. Had an action been brought to recover the damages or the agreed price for this detention, it would, upon these facts, have been sustainable.

The legal question here is, had the defendants a lien upon the marble for the delay in taking it, which justified their refusal to deliver it. That the defendants had a lien for the freight of the marble is not denied. The plaintiff conceded it and paid the amount before demanding the marble. The lien of an innkeeper or of a common carrier, is well established. So the principle is well established generally, that every bailee who bestows labor, care or skill upon an article entrusted to his possession, may retain the article until the amount due to him for such care, labor or skill, shall be paid. The watch repairer, the blacksmith and the tailor are the instances usually cited by way of illustration. On the other hand, A being stable-keeper or an agister of cattle, has no such

lien.   He must deliver the horses or the cattle to the owner upon demand, and seek his remedy upon his contract. (*Allen* v. *Chapman*, Croke Car. 271; *Blake* v. *Nicholson*, 3 M. & S. 168; *Jackson* v. *Cummings*, 5 Mees. & W. 341; *Pinney* v. *Wells*, 10 Conn. 105; *Grinnell* v. *Cook*, 3 Hill, 486; *Morgan* v. *Congdor*, 4 Conn. 522.) In the present case the marble was not deposited in any warehouse or place of storage.   The character of a warehouseman, or any liability for its protection or storage, after forty-eight hours, was expressly disclaimed by the defendants, in their notice of October 12th.   It was never removed from the cars, but remained upon them in the public highway, until after the plaintiff had demanded its delivery to him.   The defendants insist, that by the goods being left upon their cars, and by the delay of the plaintiff to remove them within forty-eight hours after their arrival, injury, inconvenience and expense was suffered by them.   This is quite probable.   It constitutes, however, a claim in the nature of demurrage, and does not fall within the principle of those transactions, which gives a lien upon the goods.   It is a breach of contract simply, for which, as in case of a contract in reference to pilotage or port charges, the party must seek his redress in the ordinary manner. (*Abbot* v. *Shipping*, 286; *Birley* v. *Gladstone*, 3 M. & S. 205.)

The order of the General Term directing a new trial must be affirmed and judgment absolute is ordered for the plaintiff, and a writ of inquiry should issue to the sheriff of New York to assess the damages, unless the same shall be agreed upon by the parties.

Judgment affirmed.